The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, Arkansas 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following questions:
 If an individual found a wallet that contained money and turned that wallet into the police, who would receive the wallet and the money if the owner never came forward to claim it? Can the individual who found the wallet claim it, or does the money and wallet go to a city or county fund of some sort?
In my opinion, a conclusive answer to your question will require factual determinations, which are outside the scope of an Attorney General opinion. While I am therefore unable to opine definitively on your question, the following general discussion should provide some guidance.
The General Assembly has adopted English common law as the law of Arkansas, unless altered or repealed by statute. A.C.A. § 1-2-119 (Repl. 1996); Nelson v. State, 318 Ark. 146, 883 S.W.2d 839 (1994). In addition, a 1925 Arkansas Supreme Court case demonstrates an acceptance of the generally held common law principles relating to found property.Crosson v. Lion Oil Refining Company, 169 Ark. 561, 275 S.W. 899
(1925). Under the common law all found property, including money, was generally delineated into four categories: (1) lost property, (2) mislaid property, (3) abandoned property, and (4) treasure trove. 1 Am. Jur. 2dAbandoned, Lost, Etc., Property §§ 1-10 (1994); Campbell v. Cochran,416 A.2d 211 (Del.Super.Ct. 1980). Lost property is "property which the owner has involuntarily parted with through neglect, carelessness, or inadvertence, that is, property which the owner has unwittingly suffered to pass out of his possession, and of whose whereabouts he has no knowledge." 1 Am. Jur. 2d Abandoned, Lost, Etc., Property § 4; Campbell,supra. Mislaid property is "that which is intentionally put into a certain place and later forgotten." 1 Am. Jur. 2d Abandoned, Lost, Etc.,Property § 6; Campbell, supra. The place where money is found is an important factor in the determination of the question of whether it was lost or only mislaid; where articles are accidentally dropped in any public place, public thoroughfare, or street, they are lost in the legal sense. 1 Am. Jur. 2d Abandoned, Lost, Etc., Property § 6. Abandoned property is "that to which the owner has voluntarily relinquished all right, title, claim and possession, with the intention of terminating his ownership, but without vesting ownership in any other person, and with the intention of not reclaiming any future rights therein, as by reclaiming future possession or resuming ownership, possession, or enjoyment of the property." 1 Am. Jur. 2d Abandoned, Lost, Etc.,Property § 1; Campbell, supra. Treasure trove includes money which has been concealed in the earth or in a house or other private place; it must have been hidden or concealed so long as to indicate that the owner is probably dead or unknown. 1 Am. Jur. 2d Abandoned, Lost, Etc., Property § 7 and § 8; Campbell, supra.
Under the circumstances you describe, the only likely conclusion is that the wallet containing money was, in a legal sense, "lost." If the wallet containing money was in fact lost then it becomes the property of the finder, subject only to the superior claim of the rightful owner.Crosson, supra; 1 Am. Jur. 2d Abandoned, Lost, Etc., Property § 18;Campbell, supra.
It should, however, be emphasized that a person who comes into control of lost property is required to take reasonable steps to find the true owner. A.C.A. § 5-36-105 (Repl. 1993); Campbell, supra. Section 5-36-105
provides in part:
 (a) A person commits theft of property lost, mislaid, or delivered by mistake if he:
(1) Comes into control of property of another person; and
 (2) Retains or disposes of such property when he knows it to have been lost, mislaid, or delivered under a mistake as to the identity of the recipient or as to the nature or amount of the property; and
 (3) With the purpose of depriving anyone having an interest in the property, he fails to take reasonable measures to restore the property to a person entitled to it.
Whether a person has taken "reasonable measures" is ultimately a question of fact, requiring a review of all the surrounding circumstances. Nevertheless, it is possible that the police department has adopted, or perhaps should adopt, a policy consistent with A.C.A. § 5-36-105 that establishes the length of time it holds lost property turned in by the finder.
If the wallet containing money, having been turned over to the police department, is not claimed by either the true owner or the finder, then after seven years the Uniform Disposition of Unclaimed Property Act may become applicable.[1] A.C.A. §§ 18-28-201 et seq. Under A.C.A. §18-28-208(a) (Supp. 1995) if the wallet containing money remains unclaimed after seven years in the hands of law enforcement officers, it must be deposited in the county general fund. See Op. Att'y Gen. 91-264.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Finders of money acquire sufficient ownership interest in the money to qualify as "owners," as that term is used in an unclaimed property statute, and may claim money held by a law enforcement agency. Powell v.Four Thousand Six Hundred Dollars U.S. Currency, 904 P.2d 153
(Okla.Ct.App. 1995).